# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30475
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Craig Singleton, Jr.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CR-264-1

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

Michael Craig Singleton, Jr., pleaded guilty to possession with intent to distribute cocaine and was sentenced to 60 months in prison. On appeal, he argues that the district court erred in determining that he was not eligible to be sentenced pursuant to U.S.S.G § 5C1.2 because he possessed a firearm in connection with the offense. We review the district court's findings of fact

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

pertaining to sentencing under § 5C1.2 for clear error and consider its legal interpretation of § 5C1.2 de novo. *See United States v. Vasquez*, 161 F.3d 909, 910 (5th Cir. 1998).

Singleton concedes that he possessed a firearm in the center console of the vehicle that he was driving and of which he was the only occupant but argues that this possession was not related to the cocaine that was in a spare tire on the undercarriage of the vehicle. He asserts that the firearm was left accidentally in the vehicle by his brother, he placed the firearm in the center console for his brother to retrieve, and the firearm played no role in his drug trafficking activities.

The record supports that there was the necessary temporal and spatial relationship between the firearm, the offense, and Singleton. *See id.* at 912; *United States v. Guidry*, 960 F.3d 676, 683 & n.7 (5th Cir. 2020). Further, Singleton did not show that it is clearly improbable that the firearm, which was loaded and readily accessible to him in a car transporting cocaine, was connected to the drug offense. *See Guidry*, 960 F.3d at 683; *Vasquez*, 161 F.3d at 912.

Thus, the district court did not clearly err in refusing to apply § 5C1.2. The judgment of the district court is AFFIRMED.